ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| **JULIO M. ROSARIO ORTIZ**<br><br>Recurrente<br><br>v.<br><br>**DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN**<br><br>Recurrido | KLRA202500074 | **REVISIÓN** procedente del Departamento de Corrección y Rehabilitación<br><br>Caso Núm: **PA-807-24**<br><br>Sobre: |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y la Juez Barresi Ramos.

**SENTENCIA**

En San Juan, Puerto Rico, a 11 de marzo de 2025.

A través de un escrito denominado "Comparecencia especial en solicitud de Revisión", comparece ante nos, por derecho propio e *in forma pauperis*[1], Julio M. Rosario Ortiz (Rosario Ortiz o recurrente), confinado actualmente en la Institución Adultos Ponce 1,000. Solicita que enviemos un inspector del Departamento de Asuntos del Consumidor (DACo) a la institución carcelaria para que evalúe los precios de los artículos disponibles a la venta y que le ordenemos al Departamento de Corrección y Rehabilitación que reduzca el costo de los productos en la comisaría. En la alternativa, solicita que le ordenemos a la agencia que cancele el contrato con la suplidora Carolina Catering y que implementen un sistema de pase de artículos comestibles semanales por visita o que disminuyan los precios.

Por los fundamentos que expresamos a continuación, se confirma el pronunciamiento impugnado.

---

[1] Se declara *Ha Lugar* la *Solicitud y Declaración para que se Exima de Pago de Arancel por Razón de Indigencia* instada por Rosario Ortiz.

**I.**

Según surge del expediente, el 16 de diciembre de 2024, Rosario Ortiz presentó una *Solicitud de Remedio Administrativo* (PA-807-24) ante la División de Remedios Administrativos del Departamento de Corrección y Rehabilitación. En síntesis, arguyó que los precios de los artículos a la venta en la comisaría rebasaban los parámetros permitidos por el DACo. Asimismo, sostuvo que esto, no solo violaba la ley de la agencia mencionada, sino que también suponía una carga para la población correccional y sus familiares.

El ente administrativo replicó, el 18 de diciembre de 2024, lo que sigue:

> [...]
>
> Según el Reglamento para atender las solicitudes de remedios administrativos radicadas por los miembros de la población correccional #8583 del 4 de mayo de 2015 se desestima su solicitud de remedio conforme a:
> Regla XIII, 5 – El Evaluador tiene la facultad para desestimar las siguientes solicitudes: (e) Por falta de jurisdicción, según se define en la Regla VI de este reglamento.
> Regla VI – Jurisdicción: 2. La división no tendr[á] jurisdicción para atender las siguientes situaciones: (g) Cualquier otra situación que no cumpla con las disposiciones del presente reglamento para la radicaci[ó]n de solicitudes de remedios.

Al estar en desacuerdo con la determinación emitida, Rosario Ortiz alega que sometió una reconsideración a la División de Remedios Administrativos del Departamento de Corrección y Rehabilitación que no fue contestada. Por lo tanto, Rosario Ortiz comparece ante este Foro mediante el recurso que nos ocupa. Esencialmente, solicita nuestra intervención para que le ordenemos al Departamento de Corrección y Rehabilitación que reduzca los precios de los artículos disponibles para la venta en la comisaría.

A tenor con la Regla 7 (B)(5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, este Foro puede "prescindir de términos no jurisdiccionales, específicos," escritos, notificaciones o

procedimientos adicionales, "con el propósito de lograr su más justo y eficiente despacho...". Ante ello, prescindimos de la comparecencia de la Oficina del Procurador General de Puerto Rico, en representación del Departamento de Corrección y Rehabilitación.

**II.**

Debido a que las decisiones administrativas están cobijadas por una presunción de legalidad y corrección, estas son merecedoras de deferencia por parte de los tribunales apelativos. *Vélez v. A.R.P.E.,* 167 DPR 684, 693 (2006); *Otero v. Toyota,* 163 DPR 716, 727 (2005). En estas circunstancias, el tribunal debe determinar si la agencia actuó de forma arbitraria, ilegal o irrazonable, constituyendo sus actuaciones un abuso de discreción. El criterio rector es la razonabilidad de la agencia recurrida. *García Reyes v. Cruz Auto Corp.,* 173 DPR 870, 892 (2008).

Una determinación formulada por una agencia administrativa debe estar fundamentada en evidencia sustancial.[2] *Cruz v. Administración,* 164 DPR 341, 355 (2005). Bajo dicho escenario, los foros apelativos debemos sostenerlas. Sec. 4.5 de la Ley Núm. 38-2017, según enmendada, conocida como *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico,* 3 LPRA sec. 9601 *et seq.* (LPAU). Véase también, *Asoc. Vec. H. San Jorge v. U. Med. Corp.,* 150 DPR 70, 75 (2000). Asimismo, las conclusiones de derecho y las interpretaciones que realizan las agencias sobre la ley que le corresponde administrar, aunque revisables en toda su extensión, deben ser sostenidas a nivel apelativo si estas son razonables, aun cuando exista alguna otra interpretación igualmente adecuada. [3]

---

[2] Evidencia sustancial es aquella evidencia relevante que una mente razonable podría aceptar como adecuada para sostener una conclusión. *Otero v. Toyota,* supra, a la pág. 728.

[3] *P.R.T.C. v. J. Reg. Tel. de P.R.,* 151 DPR 269, 283 (2000); *Misión Ind. P.R. v. J.P.,* 146 DPR 64, 133 (1998).

De igual forma, al momento de evaluar una decisión administrativa, los foros apelativos debemos tomar en consideración, no solo la especialización y experiencia de la agencia sobre las controversias que tuviera ante sí, sino que también debemos distinguir entre cuestiones relacionadas a la interpretación de las leyes —donde los tribunales somos los especialistas— y aquellos asuntos propios para la discreción o pericia administrativa. *García Reyes v. Cruz Auto Corp.*, supra, pág. 892.[4]

Ahora bien, debemos puntualizar que —dado al hecho de que las resoluciones de los organismos administrativos se presumen correctas— quien las impugne tiene el peso de la prueba. Ello implica que deberá presentar evidencia suficiente para derrotar la presunción que estas poseen. *Pacheco v. Estancias*, 160 DPR 409, 431 (2003). De lo anterior surge claramente que la carga probatoria le corresponde a la parte recurrente, por lo que, de incumplir con ella, la decisión administrativa deberá ser respetada por el foro apelativo.

**III.**

En su escueto escrito, aunque el recurrente no incluyó señalamiento de error alguno, hace constar su inconformidad con la decisión del Departamento de Corrección y Rehabilitación de desestimar su solicitud de remedio administrativo por falta de jurisdicción. Analizado el expediente con detenimiento, colegimos que procede confirmar el dictamen de la agencia recurrida.

La División de Remedios Administrativos del Departamento de Corrección y Rehabilitación tiene la potestad de desestimar solicitudes de remedios administrativos por falta de jurisdicción. Es preciso señalar que dicho ente no tiene facultad para atender

---

[4] Véanse, además, *Super Asphalt v. AFI y otros*, 206 DPR 803 (2021); *Capó Cruz v. Jta. Planificación*, 204 DPR 581 (2020); *Román Ortiz v. OGPe*, 203 DPR 947 (2020).

situaciones que no cumplan con las disposiciones del *Reglamento para Atender las Solicitudes de Remedios Administrativos Radicadas por los Miembros de la Población Correccional*, Reglamento Núm. 8583, efectivo el 3 de junio de 2015. Véase, Regla VI (2)(g) del Reglamento Núm. 8583.

En este caso, la División de Remedios Administrativos del Departamento de Corrección y Rehabilitación determinó que no tenía jurisdicción sobre el asunto traído a su atención por el recurrente, relacionado a los precios de los artículos disponibles a la venta en la comisaría de la institución carcelaria en la que se encuentra.

En virtud de lo antes expuesto, concluimos que el recurrente no logró derrotar la presunción de corrección que ostenta la decisión administrativa objetada, ni tampoco nos persuadió a alejarnos de la norma de deferencia que esta merece. La decisión de la agencia fue razonable y se dictó bajo el marco doctrinal adecuado.

**IV.**

Por las consideraciones que anteceden, se confirma el pronunciamiento impugnado.

Lo acordó el Tribunal y lo certifica la Secretaria.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones